FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2015 JUN -2 PM 1: 46

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOHN R. ANDERSON,

   Plaintiff,

-vs-                                    CASE NO.: 6:15- CV- 888-0LL-40TBS

SETERUS, INC., and FEDERAL NATIONAL
MORTGAGE ASSOCIATION
CORPORATION,

   Defendants.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

("TCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C.

§1331.

3.    The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County,

Florida

5.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637,

643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6.    Defendant, SETERUS, INC., is a corporation which was formed in Delaware with its

principal place of business at 3039 Cornwallis Road, Building 203 #AA145, Research Triangle

1

Park, North Carolina and conducting business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida.

7.     Defendant, FEDERAL NATIONAL MORTGAGE ASSOCATION CORPORATION ("FNMA"), is a corporation which was formed in Florida with its principal place of business at 3300 NE 191st Street, Aventura, Florida and conducting business in the State of Florida through its registered agent, Randy Pierre, 3300 NE 191st Street, Aventura, Florida.

8.     At all times material, upon information and belief, FNMA had knowledge of all actions taken by its agent SETERUS, INC. ("SETERUS"), benefitted from said actions, and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

9.     On or about February 21, 2007, Plaintiff entered into a Mortgage agreement with JP Morgan Chase Bank, N.A. to secure a loan on real property.

10.    On or about November 22, 2010, the Mortgage was assigned to FNMA.

11.    On September 15, 2011, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court, Middle District of Florida.

12.    On or about December 21, 2011, Plaintiff's Mortgage debt to FNMA was discharged by the Bankruptcy Court.

13.    On or about September 15, 2011, Plaintiff began to receive a bombardment of calls to his cellular telephone from SETERUS, an agent of FNMA.

14.    Neither SETERUS nor FNMA had Plaintiff's express consent for these telephone calls after Plaintiff filed for Bankruptcy protection.

15.    SETERUS called the Plaintiff approximately 40 times since 2011, in an attempt to collect a debt that had been legally discharge by the bankruptcy court.

16.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

17.     Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

18.     Each call made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

19.     SETERUS has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

20.     SETERUS's corporate policy is to continue to call individuals like the Plaintiff to collect a debt that is no longer collectable.

21.     SETERUS has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

22.     SETERUS has had numerous complaints from consumers against them across the country asking to not be called, however SETERUS continues to call.

23.     SETERUS's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

24.     SETERUS has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

25.     Plaintiff did not expressly consent to SETERUS's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to SETERUS's placement of the calls.

26.    None of SETERUS's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

27.    SETERUS willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**
**As to SETERUS**

28.    Plaintiff incorporates Paragraphs 1 through 27.

29.    SETERUS willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified SETERUS to stop calling Plaintiff.

30.    SETERUS knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified SETERUS to stop calling Plaintiff.

31.    SETERUS repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the TCPA)**
**As to FNMA**

32.    Plaintiff incorporates Paragraphs 1 through 27.

33.    FNMA had its agent, SETERUS, repeatedly place automated telephone calls to the Plaintiff's cellular telephone without the consent of the Plaintiff.

34.     FNMA's agent, SETERUS, willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified SETERUS to stop calling Plaintiff.

35.     FNMA knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified SETERUS to stop calling Plaintiff.

36.     FNMA's agent, SETERUS, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

     **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared M. Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
JLee@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff